UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOEL SOSA,

                                                Civ. No. 22-02460 (LGS)

                Plaintiff,

        -against-

NEW YORK CITY HOUSING AUTHORITY
and IIT, INC.,

                Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF NYCHA'S MOTION TO DISMISS THE COMPLAINT

LISA BOVA-HIATT
Executive Vice President for Legal Affairs
   and General Counsel
New York City Housing Authority
Attorney for Defendant New York City
Housing Authority
90 Church Street, 11th Floor
New York, NY 10007
(212) 776-5206
seth.kramer@nycha.nyc.gov

Seth E. Kramer
  Of Counsel

## PRELIMINARY STATEMENT

Defendant New York City Housing Authority ("NYCHA") moves to dismiss the Complaint of Plaintiff Joel Sosa ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint (ECF No. 3) fails to state a claim upon which relief can be granted.  Plaintiff, a former temporary contract worker who performed services in NYCHA's Technical Services Department, alleges Defendant IIT, Inc. ("IIT"), the temporary staffing agency that assigned Plaintiff to work at NYCHA, and NYCHA, refused to approve Plaintiff's requests to work from home or grant him leave in March 2020, and failed to offer Plaintiff the right to return to the same or an equivalent job, in violation of: (1) the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq.*; (2) the Emergency Family and Medical Leave Expansion Act ("EFLMEA"), codified as Division C of the Families' First Coronavirus Response Act ("FFCRA"), FFCRA §§ 3101-3106; and (3) the Emergency Paid Sick Leave Act ("EPSLA"), codified as Division E of the FFCRA, FFCRA §§ 5101-5111.

As discussed below, this Court should dismiss this action as against NYCHA because: (1) IIT was Plaintiff's primary employer under federal regulations, and pursuant to those regulations, ITT was the entity responsible for granting leave and restoring Plaintiff to the same or an equivalent job when he returned from leave; (2) Plaintiff admits his last day of work was March 27, 2020 and his employment was terminated April 1, 2020, before the effective date of the FFCRA (including both the EFLMEA and EPSLA) on April 2, 2020; and (3) Plaintiff fails to allege he satisfied the notice requirements of the FMLA and FFCRA, including identification of the school that closed due to COVID-19 and a statement no other suitable person would be caring for his children.

## STATEMENT OF FACTS[1]

Plaintiff alleges IIT assigned him to work as a Contract Specifications Writer in NYCHA's Technical Services Department in June 2018.  *See* Complaint ("Compl.") ¶¶ 4, 8. While working at NYCHA, IIT issued him payments and his W-2 form.  *See* Compl. ¶ 11; *see also* Letter to Court from Plaintiff, dated May 31, 2022 (ECF No. 23) (stating IIT, a temporary staffing/placement agency, hired, placed, paid and fired plaintiff Sosa).

Plaintiff alleges on March 3, 2020, and March 15, 2020, the schools Plaintiff's sons attended closed in-person operations due to COVID-19 (*see* Compl. ¶¶ 16, 18), and Plaintiff requested permission to telework so he could supervise his children from home (*see id.* at ¶ 26). Plaintiff maintains NYCHA denied his request to telework, and he then requested to take family leave.  *See id.* at ¶¶ 26-27.  Plaintiff does not allege NYCHA ever issued a determination granting or denying his leave request.  *Cf. id.* at ¶ 27 (alleging the second line supervisor told Plaintiff to "deal with [the first line supervisor]").  Plaintiff's last day of work in the office was March 27, 2020.  *See id.* at ¶ 31.

On March 30, 2022, Plaintiff maintains he worked from home, despite his supervisor's denial of his request to telework, and asked to file for unemployment and to be considered for a return to work.  *See id.* at ¶ 29.  His supervisors purportedly denied his request, and on April 1, 2020, they allegedly asked IIT to inform Sosa his work with NYCHA was terminated.  *See id.* at ¶¶ 32-33.  Plaintiff received a call that same day from IIT terminating his employment.  *See id.* at ¶ 33.

---

[1]    Because NYCHA seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim, NYCHA sets forth the facts as alleged by Plaintiff for purposes of this motion only.  NYCHA reserves all rights to dispute the facts as alleged by Plaintiff.

**ARGUMENT**

**THE COMPLAINT SHOULD BE DISMISSED**

This Court should dismiss this Complaint because Plaintiff fails to state a claim upon which relief may be granted in accordance with Federal Rule of Civil Procedure 12(b)(6).  In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party."  *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted).  To survive a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Allen v. New York City Housing Auth.*, 2016 WL 722186, *3 (S.D.N.Y. 2016), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 663.  Specifically, plaintiffs must allege sufficient facts to show that there is "more than a sheer possibility that a defendant has acted unlawfully[.]"  *Id.* at 678; *Louis v. New York City Hous. Auth.*, 152 F. Supp. 3d 143, 148 (S.D.N.Y. 2016).

**A.      NYCHA Is Not Liable for Failing to Grant Leave
        or Restore Plaintiff's Employment Because
        IIT Was Plaintiff's Primary Employer**

Plaintiff's causes of action allege Defendants improperly denied him the right to take leave under the FMLA and FFCRA (which includes the EFMLEA and EPSLA), and Defendants failed to offer him the right to return to the same or equivalent job upon completion of his need

for leave.  *See* Compl. ¶¶ 42-43, 46, & 48.  Plaintiff discusses at length his requests to telework

and NYCHA's alleged denials of those requests (*see id.* at ¶¶ 19-26), but neither the FMLA nor

the FFCRA requires employers to permit their employees to telework.  *See Martinez v. Aspen*

*Dental Mgmt.*, No. 20-cv-545, 2022 WL 523559, at *13 (M.D. Fla. Feb. 22, 2022); *Collazo v.*

*Ferrovial Construccion PR, LLC*, No. 20-1612, 2021 WL 4482268, at *7-8 (D.P.R. Sep. 30,

2021).  Thus, to the extent Plaintiff bases his allegations on NYCHA's alleged refusal to permit

him to telework, he fails to state a cause of action.

Federal regulations dictate the responsibilities to grant leave and offer the right to return

fall only upon the primary employer, which was IIT and not NYCHA.  *See* 29 C.F.R. § 825.106

(c)-(e).  Plaintiff alleges in his Complaint that IIT and NYCHA were his joint employers.  *See*

Complaint ("Compl.") ¶ 7.  The Department of Labor ("DOL") has issued regulations that

outline the apportionment of FMLA duties between the primary and secondary employer in a

joint employment relationship.  Only the primary employer is responsible for giving required

FMLA notices, providing FMLA leave, maintaining group health insurance coverage during

leave, and restoring an employee to the same or an equivalent job when they return from leave.

*See* 29 C.F.R. § 825.106(c)-(e).  The secondary employer is responsible for accepting the

employee back from leave if the agency chooses to place the employee back with the secondary

employer.  *See* 29 C.F.R. § 825.106(e).[2]

---

[2]      Inasmuch as the FFCRA amends the FMLA, this Court should apply the regulations governing
the responsibilities of the primary and secondary employers for granting leave under the FMLA to the
FFCRA.  *See Connor v. Professional Medical Billings, Inc.*, No. 20-cv-183, 2022 WL 2171214, at *3
(N.D. Ind. Jun. 16, 2022) ("The FFCRA is an amendment to the FMLA, so the analysis is the same as a
claim under the FMLA"); *Jarry v. ECC Corp.*, No. 21-047, 2022 WL 202969, at *2 (D.R.I. Jan. 24, 2022)
("the FFCRA amends the FMLA to provide protected leave for employees with a "qualifying need related
to a public health emergency") (quoting H.R. 6201, 116th Cong §§ 3101-06 (2020)).

To determine which employer qualifies as the primary employer, the DOL has prescribed the following factors: (1) the authority/responsibility to hire and fire; (2) the ability to assign/place the employee; (3) the employer making payroll; and (4) the employer responsible for providing employment benefits.  *See* 29 C.F.R. § 825.106(c).  Additionally, the regulations offer a default rule for cases involving a staffing agency and a client employer: "For employees of temporary placement agencies, for example, the placement agency most commonly would be the primary employer."  29 C.F.R. § 825.106(c).

Courts repeatedly have applied this regulation and found the temporary staffing agency is the primary employer.  *See Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d 342, 344-46 (5th Cir. 2013) (finding staffing agency was primary employer instead of defendant company even though defendant company interviewed and selected candidates and defendant conceded it informed staffing agency it intended to replace plaintiff when she went on maternity leave); *Boyed v. Dana Inc.*, No. 16-cv-2609, 2017 WL 1179058, at *2-3 (N.D. Ohio Mar. 30, 2017) (finding despite fact workplace employer controlled day-to-day activities, staffing agency was primary employer because staffing agency controlled payroll and benefits and had ultimate authority to hire and fire employee) (citing *Grace v. USCAR*, 521 F.3d 655 (6th Cir. 2008) ("[e]ven after [the workplace employer] made the decision to terminate her position, [plaintiff] was still an employee of [the temp agency].")); *Mahoney v. Nokia, Inc.*, 444 F. Supp. 2d 1246, 1255-56 (M.D. Fla. 2006) (finding staffing agency was primary employer where workplace employer informed agency of request to dismiss employee and staffing agency performed all payroll functions).

In its motion to dismiss, IIT cites *Jimenez v. Chubb & Son*, No. 16-cv-01377, 2018 WL 6270980 (D. Conn. Nov. 30, 2018), for the proposition NYCHA was plaintiff's primary

5

employer. *See* IIT, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss ("IIT Mem.") (ECF No. 31-1) at 3. However, the Court in *Jimenez* did not address, much less determine, what entity was the *primary employer*, but merely determined the workplace entity was *an employer*.

Here, the allegations made by Plaintiff establish as a matter of law that IIT, not NYCHA, is the primary employer based on the factors set forth in the federal regulations and the regulation declaring placement agencies, in general, to be primary employers. Plaintiff contends in his Complaint that IIT: (1) had the authority to and did hire him (*see* Compl. ¶ 8); (2) assigned him to work for NYCHA (*see id.* at ¶ 8); (3) issued him his paychecks and W-2 form (*see id.* at ¶ 11); (4) and issued the ultimate decision to terminate his employment (*see id.* at ¶ 33). Indeed, in his letter opposing IIT's request to file a motion to dismiss, Plaintiff affirmed it "has adequately pled facts sufficient to hold IIT liable as the primary employer," noting his Complaint alleged "that IIT, a temporary staffing/placement agency, hired, placed, paid and fired plaintiff Sosa." Letter, dated May 31, 2022 (ECF No. 23).

Moreover, NYCHA cannot accept Plaintiff's return to employment inasmuch as ITT, as the primary employer, did not restore Plaintiff to the same or an equivalent job upon a return from leave. *See* 29 C.F.R. § 825.106 (c)-(e). Accordingly, Plaintiff fails to state a cause of action against NYCHA.

**B.     Plaintiff's Causes of Action Arose
         Prior to the Effective Date of the FFCRA,
         <u>Which Should Not Be Applied Retroactively</u>**

Although the FFCRA, including the EFMLEA and EPSLA, was signed into law in March 2022, its provisions did not become operational until April 1, 2020 and did not go into effect

until April 2, 2020.  *See* 29 C.F.R. § 826.10(b)(1).  Courts have dismissed complaints seeking

relief under the FFCRA where the causes of action arose prior to its effective date, holding the

statute is not retroactive.  *See Milman v. Fieger & Fieger, P.C.*, 542 F. Supp. 3d 604, 611 (E.D.

Mich. 2021) (noting the provisions went into effect after Plaintiff's firing and therefore "the

law's protections came into effect too late for Plaintiff to avail herself of them"); *Colombe v.*

*SGN, Inc.*, No. 20-cv-374, 2021 WL 1198304, at *4 (E.D. Ky. Mar. 29, 2021) (noting leave

could not have been taken pursuant to EPSLA because employee stopped working on March 23,

before the effective date of the statute).[3]

Here, Plaintiff alleges she requested NYCHA grant him leave on March 26, 2020, and his

last day of work was March 27, 2020.  *See* Compl. ¶¶ 27, 31.  Plaintiff further contends NYCHA

informed IIT it wished to terminate Plaintiff's employment on April 1, 2020.  *See id.* at ¶¶ 32-33.

Given each of these incidents allegedly took place prior to the effective date of the FFCRA on

April 2, 2022, this Court should dismiss the second and third causes of action.

**C.    Plaintiff Fails to Allege He Provided**
        **the Requisite Notice Under the FFCRA**

Federal regulations mandate an employee requesting leave to care for a son or daughter

whose school closed due to COVID-19 provide notice, where the leave is foreseeable, prior to

the need to take the leave.  *See* 29 C.F.R. § 826.90(b).  Such notice shall include, among other

things, the dates for which leave is requested.  *See* 29 C.F.R. § 826.100(a).  Regulations also

---

[3]     In *Jones v. Eastern Airlines, LLC*, No. 20-cv-1927, 2021 WL 2456650 (E.D. Pa. June 16, 2021),
the Court disregarded the federal regulation identifying April 2, 2020 as the effective date because the
regulation bypassed the notice and comment process due to the exigency created by the COVID-19
pandemic, and held the plaintiff could pursue her claims even though she requested leave prior to that
date.  The Court noted, however, that Plaintiff would be limited in her eligibility to recover lost wages for
the period prior to the effective date, but it held she could pursue other claims under the FFCRA.  *See id.*
at *6-7.  The Court's decision in *Jones* was wrongly decided.

require the notice provide: (1) the name of the son or daughter; (2) the name of the school; and (3) a representation that no other suitable person will be caring for the son or daughter. *See* 29 C.F.R. § 826.100(e).

Courts have applied these regulations and dismissed claims under the FFCRA where the Complaint failed to allege the requisite notice was provided. *See Colombe*, 2021 WL 1198304, at *4-5 (dismissing claim where plaintiff did not allege facts suggesting she followed the necessary notice requirements for taking leave, including a proposed end date of the leave period); *Martinez*, 2022 WL 523559, at *12 (dismissing claim where plaintiff "did not inform Defendants that she was requesting time off due to any reason related to COVID-19").

Here, the Complaint does not allege Plaintiff satisfied the notice requirements set forth in the federal regulations, including: (1) providing a date by which the leave period would cease; (2) the name of the school closing due to COVID-19, and (3) a representation that no other suitable person would be caring for his children. *See* Compl. ¶¶ 19, 26-29. Plaintiff was required to provide this information <u>prior</u> to taking leave; instead, Plaintiff unilaterally ceased coming to work after March 27, 2020. *See id.* ¶¶ 29, 31 (admitting he ceased reporting to work after March 27, 2020). Accordingly, Plaintiff fails to state a cause of action for relief under the FFCRA.

## CONCLUSION

NYCHA respectfully requests this Court dismiss the Complaint as against NYCHA and

grant it such other and further relief as the Court deems just and proper.

Dated:   New York, NY
         July 20, 2022

>                    LISA BOVA-HIATT
>                    Executive Vice-President for Legal Affairs
>                      and General Counsel
>                    New York City Housing Authority
>                    90 Church Street, 11th Floor
>                    New York, NY 10007
>                    (212) 776-5206
>                    Fax No. (212) 776-5404
>                    seth.kramer@nycha.nyc.gov
>                    Attorneys for Defendant NYCHA
>
>
>                    By:  Seth E. Kramer, Of Counsel

9