

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
90 CHURCH STREET$ NEW YORK, NY 10007

http:/nyc.gov/nycha

**LISA BOVA-HIATT**
Interim Chair & CEO

**DAVID ROHDE**
Interim EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 306-5032

November 2, 2022

*Via ECF*

The Honorable Judge Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Joel Sosa v. NYCHA, et al.,*
              No. 22-CV-02460 (LGS)(SLC)

Dear Judge Schofield:

      I am counsel for Defendant New York City Housing Authority ("NYCHA") in the above-referenced matter. Pursuant to Section III.A.1 of Your Honor's Individual Rules and with reference to Amended Civil Case Management Plan and Scheduling Order dated September 2, 2022 [ECF. No. 47], NYCHA hereby requests the Court's permission to file a motion for summary judgment against the Complaint of Plaintiff Joel Sosa ("Plaintiff") pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").

      For the reasons summarized below, NYCHA submits that Plaintiff cannot establish an issue of material fact sufficient to defeat NYCHA's motion for summary judgment with respect to any of his claims. However, for the sake of efficiency and so as to avoid burdening the Court with arguments that can be resolved as a matter of law, NYCHA respectfully requests that the briefing schedule for its summary judgment motion be deferred until the Court has had an opportunity to decide NYCHA's pending motion to dismiss Plaintiff's Complaint [ECF. No. 35 and 36], which NYCHA believes will be dispositive of at least some, if not all, of Plaintiff's claims that are asserted in the Complaint [ECF No. 3].

      **I.**    **NYCHA Is Not Liable Under the FMLA or the FFCRA**
                **Because IIT Was Plaintiff's Primary Employer**

      Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FRCP 56(c); *Colombo v. O'Connell*, 310 F.3d 115, 116 (2d Cir. 2002). NYCHA is entitled to summary judgment on Plaintiff's claims alleging NYCHA violated (1) the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq ("FMLA"); and (2) the Families' First Coronavirus Response Act ("FFCRA"). Plaintiff, a former temporary contract worker who performed services in NYCHA's Technical Services Department, alleges in the Complaint that Defendant IIT, Inc. ("IIT"), a temporary staffing agency, and NYCHA, were his joint employers who

purportedly violated (1) the FMLA; (2) the Emergency Family and Medical Leave Expansion Act ("EFLMEA"), Division C of the FFCRA, FFCRA §§ 3101-3106; and 3) and the Emergency Paid Sick Leave Act ("EPSLA"), Division E of the FFCRA, FFCRA §§ 5101-5111.  Plaintiff subsequently withdrew his claims against IIT.

   The Complaint alleges Defendants improperly denied him the right to take leave under the FMLA and FFCRA (which includes the EFMLEA and EPSLA), and Defendants failed to offer him the right to return to the same or equivalent job upon completion of his need for leave.  *See* ECF No. 3,Compl. ¶¶ 42-43, 46, & 48.  However, Plaintiff has failed to adduce any evidence that he requested leave under either the FMLA or FFCRA from NYCHA, or that NYCHA, which the record clearly establishes was not his primary employer, was in any way obligated to grant or administer leave under either of those statutes.  Plaintiff has only produced evidence showing he requested to telework and claims NYCHA denied those requests (*see id*. at ¶¶ 19-26), but neither the FMLA nor the FFCRA requires employers to permit their employees to telework.  *See* 29 U.S.C. § 2601, et seq.; see also Pub. L. No. 116-127, 134 State. 178 (March 18, 2020); *see also Martinez v. Aspen Dental Mgmt.*, 20-cv-545, 2022 WL 523559, at *13 (M.D. Fla. Feb. 22, 2022); *Collazo v. Ferrovial Construccion PR, LLC*, 20-1612, 2021 WL 4482268, at *7-8 (D.P.R. Sep. 30, 2021).  Thus, to the extent Plaintiff bases his allegations on NYCHA's alleged refusal to permit him to telework, he fails to state a cause of action.

   The Department of Labor ("DOL") has issued regulations outlining the apportionment of FMLA duties between the primary and secondary employer in a joint employment relationship, such as the one at issue here.  Only the primary employer is responsible for giving required FMLA notices, providing FMLA leave, maintaining group health insurance coverage during leave, and restoring an employee to the same or an equivalent job when they return from leave.  *See* 29 C.F.R. § 825.106(c)-(e). The secondary employer is merely responsible for accepting the employee back from leave if the staffing agency chooses to place the employee back with the secondary employer.  *See* 29 C.F.R. § 825.106(e). Inasmuch as the FFCRA amends the FMLA, this Court should apply the regulations governing the responsibilities of the primary and secondary employers for granting leave under the FMLA to the FFCRA.  *See Connor v. Professional Medical Billings, Inc*., 20-cv-183, 2022 WL 2171214, at *3 (N.D. Ind. Jun. 16, 2022) ("The FFCRA is an amendment to the FMLA, so the analysis is the same as a claim under the FMLA");.  To determine which employer qualifies as the primary employer, the DOL has prescribed the following factors: (1) the authority/responsibility to hire and fire; (2) the ability to assign/place the employee; (3) the employer making payroll; and (4) the provision of employment benefits.  *See* 29 C.F.R. § 825.106(c).  Additionally, the regulations offer a default rule for cases involving a staffing agency and a client employer: "For employees of temporary placement agencies, for example, the placement agency most commonly would be the primary employer."  29 C.F.R. § 825.106(c).

   Based on Plaintiff's allegations, as well as the testimony elicited from depositions, in which IIT's Chief Executive Officer affirmatively stated that it was Plaintiff's primary employer, there can be no factual dispute that IIT was Plaintiff's primary employer.  Record evidence demonstrates IIT: (1) had the authority to and did hire Plaintiff (*see* Compl. ¶ 8); (2) assigned Plaintiff to work for NYCHA (*see* id. at ¶ 8); (3) issued him his paychecks and W-2 form (*see id.* at ¶11); (4) and issued the ultimate decision to terminate his employment (*see id*. at ¶ 33).  Discovery has further uncovered that Plaintiff requested and was repeatedly granted letters affirming that IIT was his employer and, when claiming unemployment benefits, Plaintiff declared that his employer was IIT.  Indeed, in his letter opposing IIT's request to file a motion to dismiss, Plaintiff affirmed he "has adequately pled facts sufficient to hold IIT liable as the primary employer," noting his Complaint alleged "that IIT, a temporary staffing/placement agency, hired, placed, paid and fired plaintiff Sosa."  Letter, dated May 31, 2022.  [ECF No. 23].

   Discovery has revealed that Plaintiff cannot show that he requested leave under either FMLA or FFCRA to NYCHA or IIT.  To the contrary, the record shows, at most, he requested to telecommute.

Even if he had requested leave under either of those statutes, IIT – not NYCHA – would have been responsible for processing the request. Accordingly, NYCHA is entitled to judgment as a matter of law.

## II. Plaintiff's Causes of Action Arose Prior to the Effective Date of the FFCRA, Which Should Not Be Applied Retroactively

NYCHA also is entitled to summary judgment because Plaintiff has not adduced any evidence he was entitled to leave under FFCRA insofar as he separated from employment before FFCRA went into effect. Although the FFCRA, including the EFMLEA and EPSLA, was signed into law in March 2022, its provisions did not become operational until April 1, 2020 and did not go into effect until April 2, 2020. *See* 29 C.F.R. § 826.10(b)(1). Courts have dismissed complaints seeking relief under the FFCRA where the causes of action arose prior to its effective date, holding the statute is not retroactive. *See Milman v. Fieger & Fieger, P.C.*, 542 F. Supp. 3d 604, 611 (E.D. Mich. 2021) (noting the provisions went into effect after Plaintiff's firing and therefore "the law's protections came into effect too late for Plaintiff to avail herself of them"); *Colombe v. SGN, Inc.*, No. 20-cv-374, 2021 WL 1198304, at *4 (E.D. Ky. Mar. 29, 2021) (noting leave could not have been taken pursuant to EPSLA because employee stopped working on March 23, before the effective date of the statute).

Here, Plaintiff alleges he verbally requested that NYCHA grant him leave on or about March 24, 2020, and his last day of work was March 30, 2020. *See* Compl. ¶¶ 27, 31. Given Plaintiff cannot show he was still employed as of the effective date of the FFCRA on April 1, 2022, this Court should dismiss the second and third causes of action.

## III. The Evidence Does Not Establish Plaintiff Provided the Requisite Notice Under the FFCRA And FMLA

Federal regulations mandate an employee requesting leave to care for a child whose school closed due to COVID-19 provide notice and certain relevant information, where the leave is foreseeable, prior to the need to take the leave. *See* 29 C.F.R. §§ 826.90(b) & 29 C.F.R. § 826.100. Courts have applied these regulations and dismissed claims under the FFCRA where the Complaint failed to allege the requisite notice was provided. *See Colombe*, 2021 WL 1198304, at *4-5 (dismissing claim where plaintiff did not allege facts suggesting she followed the necessary notice requirements for taking leave, including a proposed end date of the leave period); *Martinez*, 2022 WL 523559, at *12 (dismissing claim where plaintiff "did not inform Defendants that she was requesting time off due to any reason related to COVID-19").

Plaintiff has not produced any evidence showing he satisfied the notice requirements set forth in the federal regulations before he ceased going to work on March 30, 2020, including: (1) providing a date by which the leave period would cease; (2) the name of the school closing due to COVID-19, and (3) a representation that no other suitable person would be caring for his children. Accordingly, even if he could show he requested leave under FMLA, which he did not, he cannot show entitlement to FFCRA benefits as a matter of law.

Thank you for your consideration of this application.

Respectfully submitted,<br>
/s/ *Serena Parker*<br>
Serena Parker, Of Counsel<br>
serena.parker@nycha.nyc.gov<br>
Attorney for Defendant NYCHA

cc:    Laura Sager (by ECF)
       Lizabeth Schalet (by ECF)
       *Attorneys for Plaintiff*