

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
90 CHURCH STREET• NEW YORK, NY 10007

http:/nyc.gov/nycha

**LISA BOVA-HIATT**
Interim Chair & CEO
**DAVID ROHDE**
Interim EVP of Legal Affairs and General Counsel

WRITER'S DIRECT LINE
(212) 306-8611

November 4, 2022

*Via ECF*
The Honorable Judge Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Joel Sosa v. NYCHA, et al.,*
           No. 22-CV-02460 (LGS)(SLC)

Dear Judge Schofield:

    I am counsel for Defendant New York City Housing Authority ("NYCHA") in the above-referenced matter[1].  IIT, Inc., which was originally named as a defendant in this matter, is no longer a party to this lawsuit due to a settlement agreement reached between Plaintiff and IIT.  *See* ECF No. 42. The parties write jointly in accordance with the Case Management Plan (ECF No. 47) and Your Honor's Individual Rule IV.A.2. to provide the Court with a status of this case.

Status of Discovery:

    Fact discovery concluded on October 21, 2022.  *See* ECF No. 47.  During the course of discovery, the parties conducted six depositions.  Plaintiff took the deposition of four non-party witnesses employed by NYCHA.  NYCHA took the deposition of Dinesh Gulati, Chief Executive Officer and founder of IIT, Inc., and Plaintiff Joel Sosa.  The parties have not yet received from the court reporter the electronic or Original transcript of Plaintiff's deposition.  NYCHA awaits reciept of the Original transcript for two of the witnesses.  Once those three Original transcripts are received, they will be forwarded to the witnesses for their review and certification.

    During the course of discovery, NYCHA produced 4,956 pages of discovery, which includes documents responsive to plaintiff's discovery request, and NYCHA's Initial Disclosures.  Plaintiff produced 471 pages of discovery, which includes responses to discovery request made by NYCHA, IIT, and their Initial Disclosures.  On October 7, 2022, NYCHA served Plaintiff with a second set of interrogatories and document request, together with a HIPPA release form, the due date for which is November 8, 2022.  Because the due date is beyond the current date for completion of fact discovery,

---

[1]    NYCHA respectfully informs the Court effective November 4, 2022 Serena Parker is no longer lead counsel on this matter.

Plaintiff's counsel informed NYCHA they will not respond to those requests. On October 19, 2022, NYCHA filed its second request to extend the fact discovery deadline in order to receive responses to their second set of discovery request. *See* ECF No. 51. However, on October 20, 2022, the Court denied NYCHA's request to extend the discovery deadline but noted that the parties and non-party IIT may informally agree to exchange further material. *See* ECF No. 51. In response to the Court's Order dated October 20, 2022, Plaintiff's counsel again stated they will not agree to respond to NYCHA's second set of interrogatories and document request on the grounds that the discovery requests were untimely.

Former Defendant IIT, Inc. produced 408 pages of discovery. Upon learning new information at IIT's deposition on October 12, 2022, NYCHA served a subpoena to IIT on October 13, 2022 requesting additional documents. On October 25, 2022, IIT responded to NYCHA's subpoena and produced an additional 9 pages of documents.

Pending Motions:

There is currently a pending fully briefed motion to dismiss before the court. NYCHA filed the motion to dismiss the Complaint on July 20, 2022.[2] *See* ECF Nos. 35, 36. Plaintiff filed his Opposition on August 10, 2022. *See* ECF No. 38. On August 19, 2022, NYCHA filed its Reply. *See* ECF No. 40. That motion has not yet been decided.

Pre-Motion Conference Letter:

On November 2, 2022, in accordance with the Case Management Plan and Your Honor's Individual Rule III.A.1., NYCHA filed a Pre-Motion Conference Letter that sets forth the basis for the anticipated motion for summary judgment.[3] *See* ECF No. 54. As discussed in the Pre-Motion Conference Letter, for the sake of efficiency and to avoid burdening the Court with arguments that may be resolved on the motion to dismiss, NYCHA respectfully requests that the briefing for NYCHA's anticipated motion for summary judgment be deferred until sometime after the motion to dismiss is decided. Plaintiff does not consent to that request.

Pursuant to Your Honor's Individual Rule III.A.1., Plaintiff's response to NYCHA's pre-motion conference letter is due by November 9, 2022. According to the Amended Case Management Plan, ECF No. 47, there is a Pre-Motion Conference schedule to take place on November 16, 2022. *See* ECF No. 47.

Request for Referral To A Magistrate Judge for A Settlement Conference:

The parties jointly wish to be referred to a Magistrate Judge for a settlement conference in accordance with paragraph 4(c) of the Amended Case Management Plan. However, as there is a pending motion to dismiss, which NYCHA believes will be dispositive of some, if not all, of the claims,

---

[2]     Former Defendant IIT also filed a motion to dismiss the complaint. *See* ECF No. 31. However, during the briefing schedule for the motion to dismiss, IIT was terminated from the action by way of a settlement between IIT and Plaintiff. *See* ECF No. 42.

[3]     NYCHA attempted to file the Pre-Motion Conference Letter on PACER on November 2, 2022. However, there were issues with PACER, which prevented counsel from filing the application. NYCHA instead submitted the Pre- Motion Conference Letter, copying Plaintiff's counsel, to chambers via email. On November 3, 2022 NYCHA uploaded the Pre-Motion Conference Letter to PACER. Also on November 3, 2022, the Court replied to NYCHA's email confirming receipt of the letter and stated that "no filing will be considered untimely as a result of the ECF Issue."

NYCHA's preference is to have the settlement conference sometime after the motion to dismiss is decided, if needed, but before commencement of the briefing of the summary judgment motion.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *William T. Gosling*
William T. Gosling
*Attorney for Defendant NYCHA*

cc:    Laura Sager (by ECF)
       Lizabeth Schalet (by ECF)
       *Attorneys for Plaintiff*