```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  JOEL SOSA,                                                  :
                                      Plaintiff,              :
                                                              :     22 Civ. 2460 (LGS)
                    -against-                                 :
                                                              :     OPINION AND ORDER
  NEW YORK CITY HOUSING AUTHORITY,                            :
                                      Defendant.              :
                                                              :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, United States District Judge:

  Plaintiff Joel Sosa brings this action against his former employer, Defendant New York City Housing Authority ("NYCHA"), alleging that Defendant unlawfully denied his request for leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and terminated his employment. He also alleges violations of the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the Emergency Paid Sick Leave Act ("EPSLA"), which are Divisions C and E, respectively, of the Families' First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178 (2020) (codified in scattered sections of 29 U.S.C.) ("FFCRA"). On July 20, 2022, Defendant moved to dismiss. For the following reasons, Defendant's motion is denied in full.

**I. BACKGROUND**

  The following facts are taken from the Complaint. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021). The facts are construed in the light most favorable to Plaintiff as the non-moving party and presumed to be true for the purpose of this motion. *Id.* at 299 n.1.

  Plaintiff is the primary caregiver to his three sons, whose ages were seventeen, fifteen and twelve in March 2020. His oldest son, Elai, has pectus excavatum, a serious health

condition. Elai has limited mobility, requiring full-time supervision, and he takes immunosuppressant drugs, making him particularly vulnerable to COVID-19.

Plaintiff worked as a Contract Specification Writer for two joint employers, IIT, Inc. ("IIT") and Defendant NYCHA from June 2018 to April 2020.[1] IIT is a staffing company that provides payroll and other human resources services, and NYCHA is a client of IIT. On June 11, 2018, IIT hired Plaintiff to work for NYCHA on a full-time basis. IIT issued Plaintiff his paychecks and W-2 form. His job duties consisted of reviewing maintenance orders related to NYCHA buildings and drafting and reviewing contracts. He worked on the premises of NYCHA, under the direction and supervision of NYCHA employees. NYCHA set his working hours, assigned him tasks and set the amount he would be paid. NYCHA also handled Plaintiff's requests for leave. For example, in April 2019, Plaintiff spoke with his supervisor at Defendant NYCHA about a one-week leave to care for his son who was undergoing surgery.

Elai's school closed in-person operations due to COVID-19 on March 3, 2020. At a meeting with his supervisor and other Contract Specification Writers on March 9, 2020, Plaintiff expressed his desire to telework due to the closure of Elai's school. On March 15, 2020, Defendant informed its workforce that some employees would be asked to telecommute. The same day, the New York City public schools, which Plaintiff's two other sons attended, also closed in-person operations. On March 20, 2022, Governor Andrew Cuomo issued an Executive Order directing all non-essential businesses to close in-office operations. The same day, Plaintiff's supervisor at NYCHA informed Plaintiff and his co-workers that they would be working from home. Because Plaintiff had previously had difficulty logging in remotely, he communicated with his supervisor, who sent detailed instructions on remote access. This led Plaintiff to believe he would be working from home, per Governor Cuomo's Executive Order.

---

[1] Plaintiff's Complaint names IIT, Inc. as a defendant. On August 26, 2022, Plaintiff voluntarily dismissed his claims against IIT.

2

Two days later, on March 21, 2020, Plaintiff and his co-workers received another email from his supervisor, stating that they were required to work in person. The email provided no explanation for the change in policy or the reason for in-person work. Plaintiff's supervisors, who performed similar work, were allowed to work from home. The following day, March 23, Plaintiff contacted IIT about telework, and a representative of IIT stated that Plaintiff was entitled to leave under the FMLA and directed his questions to NYCHA. The next day, on March 24, Plaintiff again asked his supervisor at NYCHA for permission to telework, explaining the health risk to Elai. The request was denied. On March 26, Plaintiff asked his second line supervisor about telework, who directed him back to the first supervisor, who had denied the request.

Plaintiff renewed his requests for telework to both supervisors repeatedly, explaining his son's medical conditions in detail. In these conversations, he also requested to take leave, and be considered for a return to work at some later point. His second line supervisor informed Plaintiff that failure to report to work in person would be considered voluntary separation of service. Plaintiff's last day of in-person work was March 27, 2020. On April 1, 2020, his second-line supervisor informed NYCHA's HR department that Plaintiff's employment was terminated, asking them to inform IIT. The same day, IIT called Plaintiff to tell him that his employment was terminated. Plaintiff did not receive written notice of his termination.

On March 28, 2022, Plaintiff filed this lawsuit. The Complaint asserts that Defendant NYCHA's failure to provide Plaintiff leave violated the FMLA and the FFCRA, laws which, in general, entitle employees of covered employers to take leave for reasons such as caregiving responsibilities. On July 20, 2022, Defendant NYCHA filed the instant motion to dismiss.

## II.   STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese*

*Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

## III. DISCUSSION

Defendant presents three arguments in support of its motion: (1) that IIT, rather than NYCHA, was Plaintiff's primary employer for purposes of the FMLA, and therefore NYCHA is under no obligation to provide Plaintiff with leave; (2) that the FFCRA did not become effective until after Plaintiff's claims arose and (3) that Plaintiff did not provide adequate notice to his employer, as required under the FFCRA. The motion is denied because none of these arguments is persuasive.

### A. FMLA Claim

The FMLA requires covered employers to grant leave and offer the right to return to work to qualifying employees who have worked for them for at least twelve months. Employees can qualify for leave for various reasons, one of which is to take care of an immediate family member with a serious health condition. *See* 29 U.S.C. § 2612(a)(1)(C). Under the FMLA, when an employee is employed by joint employers, only the primary employer is obligated to provide leave. 29 C.F.R. § 825.106(c). Defendant argues that the FMLA claim should be dismissed because Defendant was Plaintiff's secondary employer, while IIT was Plaintiff's

primary employer. This argument is unavailing. The Complaint sufficiently pleads that NYCHA was Plaintiff's primary employer.

The Department of Labor ("DOL") has promulgated regulations to help determine whether an employer is primary or secondary for purposes of the FMLA. These regulations state that any determination should be based on the totality of circumstances, with reference to factors including "authority/responsibility to hire and fire, assign/place the employee, make payroll, and provide employment benefits." 29 C.F.R. § 825.106(c). These regulations also contemplate certain common joint employer relationships. For example, for "temporary placement agencies, . . . the placement agency most commonly would be the primary employer." *Id.* For a Professional Employer Organization ("PEO"), an entity which "contracts with client employers to perform administrative functions such as payroll, benefits, regulatory paperwork, and updating employment policies," the primary employer is typically the client employer. *Id.* at § 825.106(b)(2). Courts apply the DOL regulations when addressing questions about FMLA liability. *See, e.g.*, *Horyczun v. Miller Env't Grp.*, No. 22 Civ. 162, 2022 WL 4079578, at *3 (E.D.N.Y. Sept. 6, 2022); *Borders v. Goodyear Dunlop, N.A.*, No. 17 Civ. 1159, 2020 WL 210056, at *3 (W.D.N.Y. Jan. 14, 2020); *Shukla v. Viacom Inc.*, No. 18 Civ. 3522, 2019 WL 1932568, at *8 (S.D.N.Y. May 1, 2019); *Hahn v. Off. & Pro. Emp. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 386 (S.D.N.Y. 2015); *Mackey v. Unity Health Sys.*, No. 03 Civ. 6049, 2004 WL 1056066, at *3 (W.D.N.Y. May 10, 2004).

Applying these guidelines, the Complaint sufficiently pleads that Defendant was Plaintiff's primary employer. First, the allegations are sufficient to support the inference that Defendant had authority to hire and fire Plaintiff. NYCHA personnel communicated with Plaintiff that his failure to report to in-person work would be construed as a voluntary separation from employment. NYCHA staff directed its HR department to notify IIT that Plaintiff's employment had been terminated. Second, the Complaint alleges facts showing that Defendant

5

controlled the decision whether Plaintiff could take leave.  Defendant granted Plaintiff's request for leave to take care of Elai in April 2019.  When Plaintiff approached IIT about leave in March 2020, IIT directed him back to Defendant.  Finally, the Complaint alleges that IIT is a PEO, which means that the client employer, here NYCHA, is "most commonly" the primary employer according to the DOL regulations.  Taken together, these factual allegations are sufficient to plead that NYCHA was Plaintiff's primary employer, requiring NYCHA to provide him with leave under the FMLA.

Defendant points to other allegations to argue that IIT was Plaintiff's primary employer.  For example, the Complaint states IIT, rather than NYCHA, "hired" Plaintiff as an employee and issued him his paychecks and a form W-2.  Defendant also argues that IIT is a temporary placement agency, rather than a PEO.  Finally, Defendant points to other filings in which Plaintiff asserted that IIT was a primary employer for purposes of the FMLA.  These other filings, which are extrinsic to the Complaint, cannot be considered on a motion to dismiss.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) ("[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered[.]")  Drawing all inferences in favor of Plaintiff, as required on this motion, the allegations in the Complaint sufficiently plead that NYCHA was Plaintiff's primary employer.  Defendant's motion to dismiss the FMLA claim is denied.

### B. FFCRA Effective Date

On March 18, 2020, Congress enacted EPSLA and EFMLEA as part of the FFCRA in response to the spread of the COVID-19 pandemic.  These laws allow covered employees who were unable to work because of the pandemic to take emergency family leave and paid sick leave, respectively.  29 U.S.C. §§ 2612(a)(1)(f), 2620(a)(2)(A) (EFMLEA) (allowing for leave "because of a qualifying need related to a public health emergency," defined as "a need for leave to care for the son or daughter under 18 years of age of such employee if the school . . . has been

6

closed . . . due to a public health emergency"); *id.* at § 2601 note (EPSLA) ("An employer shall provide . . . paid sick time . . . due to a need for leave because . . . [t]he employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed . . . due to COVID-19 precautions."). Defendant seeks dismissal of Plaintiff's EFMLEA and EPSLA claims because all relevant events took place prior to April 2, 2020, which Defendant claims to be the effective date of both laws. However, because both laws became operational on April 1, 2020, the date Plaintiff's employment ended, Defendant's argument fails.

The FFCRA provides that the EFMLEA and EPSLA each "shall take effect not later than 15 days after the date of enactment of this Act." 29 U.S.C. § 2620 note (EFMLEA); *id.* at § 2601 note (EPSLA). Congress enacted the FFCRA on March 18, 2020, making this deadline April 2, 2020. On April 1, 2020, the Department of Labor promulgated a temporary rule to carry out the EFMLEA and EPSLA ("April 1 Rule"). *See* Paid Leave Under the Families First Coronavirus Response Act, 85 Fed. Reg. 19,326 (Apr. 6, 2020); *see also* Paid Leave Under the Families First Coronavirus Response Act; Correction, 85 Fed. Reg. 20,156 (Apr. 10, 2020) (amending and correcting the prior rule). The April 1 Rule stated that FFCRA's "new paid sick leave and expanded family and medical leave requirements became operational on April 1, 2020, [and] effective on April 2, 2020." 85 Fed. Reg. at 19,327. The context makes clear that the "effective" date means the date the rule was promulgated, while the "operational date" means the date on which the rule began to operate as law.

The remainder of the rule confirms this distinction. The rule repeatedly references its provisions beginning to apply on April 1. *See* 85 Fed. Reg. at 19,332 ("[E]xpanded family and medical leave is a type of FMLA leave that is available for certain eligible employees between April 1, 2020, and December 31, 2020); *id.* at 19,338 ("[E]mployees are limited to a total of twelve weeks of expanded family and medical leave under the EFMLEA, even if the applicable time period (April 1 to December 31, 2020) spans two twelve-month [periods]."); *id.* at 19,350

("An eligible Employee is entitled to take up to twelve workweeks of . . . [l]eave during the period April 1, 2020 through December 31, 2020."); *id.* at 19,357 (barring compensation "for any unpaid or partially paid leave taken prior to April 1, 2020"). *But see id.* at 19,354 ("An Eligible Employee can take a maximum of twelve workweeks of Expanded Family and Medical Leave during the period in which the leave may be taken (April 2, 2020 to December 31, 2020) . . . ."). The Rule also states that it was promulgated without the standard notice and comment period required under the Administrative Procedure Act due to "the exigency created by [the sections of the EFMLEA and EPSLA setting the effective date of the law], which go into effect on April 1, 2020." *Id.* at 19,342. The rule continues that the Department "has good cause to make this temporary rule effective immediately," which would be April 1, 2020, the day the Rule was issued. *Id.*

Construing the April 1 Rule to apply as of April 1 is further supported by the purpose of the FFCRA and the rule. The rule states, "one of the FFCRA's main purposes in establishing paid leave [is] enabling employees to leave the workplace now to help prevent the spread of COVID-19." *Id.* at 19,342 (emphasis added). Both the FFCRA and the April 1 Rule are properly construed to allow employees to take paid leave beginning April 1, 2020.

Defendant further argues that, even if Plaintiff's entitlement ripened on April 1, his request for leave came prior to the effective date. However, Plaintiff's termination allegedly occurred on April 1, and that termination is actionable under the FFCRA. The April 1 Rule incorporates the FMLA's prohibitions on interference with rights, including a prohibition on "discharge, discipline, or discrimination" for exercising the right to take leave. *See* 85 Fed. Reg. at 19,356-57. While under the explicit terms of the April 1 Rule, Plaintiff is not entitled to "any retroactive reimbursement or financial compensation . . . [for] leave taken prior to April 1,

2020," *id.* at 19,357, the Complaint sufficiently pleads that Plaintiff's termination on April 1 violated the FFCRA.

The cases Defendant cites in support of its motion are not binding and, in any event, do not change this conclusion, as neither case held that the operative date of the statute was April 2, 2020. In *Milman v. Fieger & Fieger, P.C.*, the court stated that the statute "did not go into effect until after Plaintiff's firing" on March 23, 2020, and then merely quoted the April 1 Rule stating that the "leave requirements became operational on April 1, 2020, effective on April 2, 2020." 542 F. Supp. 3d 604, 611 (E.D. Mich. 2021), *appeal docketed*, No. 21-2685 (6th Cir. July 6, 2021). In *Colombe v. SGN, Inc.*, the court merely considered *Plaintiff's* suggestion that the operative date was April 2, 2020, on the way to rejecting her claim for leave after that date for failure to plead entitlement. No. 20 Civ. 374, 2021 WL 1198304, at *4 (E.D. Ky. Mar. 29, 2021) ("Colombe plausibly contends that as of April 2, both her chance at leave and her request for leave ripened, with statutory effectiveness and the April 2 instructions text from her to her bosses.").

Accordingly, Defendant's motion to dismiss the EFMLEA and EPSLA claims due to the effective date of FFCRA is denied.

### C. FFCRA Notice

Defendant alternatively moves to dismiss Plaintiff's claims under the FFCRA on the ground that he did not provide adequate notice to Defendant prior to taking leave. Under the April 1 Rule, an employee is required to provide certain documentation to the employer prior to taking leave under the EPSLA or EFMLEA, including the "[d]ate(s) for which leave is requested," "[t]he name of the [s]chool . . . that has closed," and "[a] representation that no other suitable person will be caring for the [child] during the period for which the [e]mployee takes . . . [l]eave." 85 Fed. Reg. at 19,355. However, a district court vacated these requirements as outside the authority granted by FFCRA, and DOL subsequently modified the rule to comport

9

with this decision. *See New York v. U.S. Dep't of Labor*, 477 F. Supp. 3d 1, 17-18 (S.D.N.Y. 2020) (vacating the pre-leave notice requirements); Paid Leave Under the Families First Coronavirus Response Act, 85 Fed. Reg. 57,677, 57,686 (Sept. 16, 2020) ("In keeping with the District Court's conclusion, the Department amends [its regulations] to clarify that the documentation required . . . need not be given 'prior to' taking [leave], but rather may be given as soon as practicable[.]"). An employer may request documentation from an employee taking leave, but proof of notice is not required to state a claim under the FFCRA. Defendant's motion to dismiss the FFCRA claims for lack of notice is denied.

Under the April 1 Rule as originally promulgated, an employee must provide the following documentation to his or her employer "prior to taking . . . leave" under the EFMLEA or EPSLA: their name, the date(s) for which leave is requested, the qualifying reason for the leave, an oral or written statement they are unable to work because of the qualified reason for leave, the name of the child they are caring for, the name of the school that closed, and a representation that no other suitable person will be caring for the child. 85 Fed. Reg. at 19,355. However, on August 3, 2020, *New York v. U.S. Department of Labor* struck down "the requirement that the documentation be provided before taking leave" while upholding "the substance of the documentation requirement." 477 F. Supp. 3d at 18. The court reasoned that the statutory text calls for an employee to provide notice "as is practicable," 29 U.S.C. § 2620 (EFMLEA) or "[a]fter the first workday . . . an employee receives paid sick time," *id.* at § 2601 note (EPSLA), in contrast to the April 1 Rule's "different and more stringent" requirement of notice as a "precondition to leave." *New York v. U.S. Dep't of Labor*, 477 F. Supp. 3d at 17. Because "the two measures are in unambiguous conflict, . . . [t]he documentation requirements, to the extent they are a precondition to leave, cannot stand." *Id.* at 18. This reasoning is persuasive. The FFCRA contemplates an employer requiring notice, *see* 29 U.S.C. § 2601 note (EPSLA) ("[A]n employer may require the employee to follow reasonable notice

procedures . . . ."), but in no way suggests that notice is a condition to take leave. To the extent that the April 1 Rule imposes additional requirements prior to taking leave, it exceeds the authority granted to the DOL by FFCRA.

As is relevant for Defendant's motion, Plaintiff was under no obligation to give notice prior to taking leave. Accordingly, Defendant's motion to dismiss Plaintiff's second and third claims due to the failure to give notice is denied.

## IV. CONCLUSION

For the reasons above, Defendant's motion to dismiss the Complaint is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. 35.

Dated: November 4, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

11