**WASHINGTON SQUARE LEGAL SERVICES, INC.**
245 Sullivan Street - 5th Floor
NEW YORK, NEW YORK 10012
---
Tel. (212) 998-6430
Fax. (212) 995-4031

**LAURA SAGER**
*Supervising Attorney*
Phone: (212) 998-6442
Email: laura.sager@nyu.edu

VIA ECF                                                                                                November 16, 2022
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: Sosa v. NYCHA et.al., Case No. 22-cv-02460 (LGS) (SLC)

Dear Judge Schofield:

  I submit this letter on behalf of the plaintiff, Joel Sosa ("Sosa" or "Plaintiff"), opposing the letter of New York City Housing Authority ("NYCHA" or "Defendant") ("NYCHA's letter") for permission to file a motion for summary judgment (Dkt. 60), following Your Honor's Opinion and Order ("Order") denying NYCHA's motion to dismiss (Dkt. 56). Summary judgment is appropriate when the record shows there is no genuine dispute of material fact, and that judgment is warranted as a matter of law. See Fed. R. Civ. Proc. 56(a); Horror Inc. v. Miller, 15 F.4th 232, 240 (2d Cir. 2022). As movant, the burden is NYCHA's to show the material facts are undisputed. See Jaffer v. Hirji, 887 F.3d 111, 111 (2d Cir. 2018). Its conclusory statements that there can be no dispute about its contentions do not make it so and should be rejected.

  **A. The Undisputed Facts Do Not Establish That IIT Was Sosa's Primary Employer**

  All of the material facts that give rise to the determination of whether NYCHA is the primary employer are in dispute. Your Honor's prior Order noted that whether an employer is primary or secondary under the Family and Medical Leave Act ("FMLA") depends on factors such as "authority/responsibility to hire and fire, assign/place the employee, make payroll, and provide employment benefits." Order at 5 (citing 29 C.F.R. § 825.106(c)). The record is replete with evidence showing NYCHA did, in fact, exercise such authority with respect to Sosa.

  Regarding hiring authority, NYCHA HR manager Patricia Lindo testified that NYCHA made the decision to interview Sosa, decided to "accept" him, "ultimately approved" his hiring, and then conveyed its decision to IIT. See Lindo Dep. 104:12–19; NYCHA 800–09; NYCHA 828–32. Regarding firing authority, Lindo said that a NYCHA manager who is dissatisfied with a temp "can make the decision . . . and go ahead and terminate the temp." Lindo Dep. 78:6–8. Once a supervisor has decided on termination, Lindo conveys NYCHA's decision to IIT. Lindo Dep. 80:12–15. Emails in March 2020 from Sosa's NYCHA supervisor, Anthony Marotta, show it was Marotta, not IIT, who did, in fact, make the decision to terminate Sosa. See NYCHA 885; NYCHA 883 ("[T]he only alternative I see it to terminate."); At Marotta's request, Lindo then instructed IIT to carry out NYCHA's decision. See NYCHA 900; NYCHA 904.

Regarding authority to grant time off, Lindo testified that it was NYCHA that had such authority. See Lindo Dep. 72:8–20 ("Yes, the NYCHA manager has the authority to say yes or no" to a request for time off or to work from home.). Sosa likewise testified that if he needed time off, he would seek permission not from IIT, but from his supervisor at NYCHA. See Sosa Dep. 75:12–18. When Sosa inquired about FMLA leave, IIT Operations Analyst Stephanie Procyk directed Sosa away from IIT and back to NYCHA. See Sosa Dep. 183:3–16. On the issue of payroll, evidence shows that when Sosa contacted IIT with a payroll question, IIT referred him back to NYCHA. See Sosa Dep. 65:5–9.

NYCHA points to evidence that IIT CEO Dinesh Gulati testified that IIT was Sosa's "employer of record." Whatever "employer of record" might mean, it is not a legal term, and has zero bearing on the factors Your Honor's Order described for determining if an employer is primary or secondary. Gulati's statement that IIT was the primary employer is a legal opinion to which he is entitled, but it is not a fact. Contrary evidence also shows Sosa perceived otherwise. See, e.g., Sosa Dep. 61:15–16. NYCHA's letter also cites its Agreement with IIT for Staff Augmentation Services, which, it contends, shows Sosa was not NYCHA's employee. Not only is this agreement not binding as a matter of law, it has no factual bearing on the question at hand. NYCHA's letter also contends Sosa signed a Vendor Agreement stating he was "not 'entitled to any benefits or rights guaranteed by NYCHA.'" The right to FMLA leave does not come within that provision, and in any event, "Employees cannot waive, nor may employers induce employees to waive, their prospective rights under FMLA." 29 C.F.R. § 285.220(d).

Because the record is replete with disputed issues of material fact as to whether NYCHA was Sosa's primary employer, summary judgment is not warranted.

### B. There Are Material Disputes of Fact About Sosa's Request for Leave

NYCHA's letter contends Sosa never requested leave under the FMLA or the Families First Coronavirus Response Act ("FFCRA"), citing as evidence an email sent by Sosa to his supervisors at NYCHA on March 30, 2020, asking to work from home. NYCHA also contends that Sosa did not mention "family leave" or the FMLA by name in this particular email. This is far from establishing that there are no material disputes of fact on this question. An employee is "'not required to request FMLA leave by name' when seeking time off." Tsatsani v. Walmart, Inc., No. 19-CV-9063, 2020 WL 6688939, at *13 (S.D.N.Y. Oct. 26, 2020) (quoting Debell v. Maimonides Med. Ctr., No. 09-CV-3491, 2011 WL 4710818, at *8 (E.D.N.Y. Sept. 30, 2011)). In determining whether an employer received adequate notice of the need for FMLA leave, courts consider whether all the facts and circumstances combine to put the employer on notice of an FMLA leave request. See Barnett v. Revere Smelting & Refin. Corp., 67 F. Supp. 2d 378, 384–88 (S.D.N.Y. 1999) (denying summary judgment amid conflicting facts as to whether prior discussion of a health condition provided notice under the FMLA). The applicable regulations provide "an employee giving notice of the need for FMLA leave does not need to expressly assert rights under the Act or even mention the FMLA . . . ." 29 C.F.R. § 825.301(b).

In the very same March 30, 2020 email to which NYCHA refers in its letter, Sosa explicitly mentions "COVID Leave" in the subject line, and refers to an "earlier leave to stay with my son in the hospital" by way of making his request and attached an x-ray of his son's

chest. See NYCHA 883–89. In his deposition, Sosa also recounted asking Marotta in March 2020 if NYCHA would "just let me have family leave." Sosa Dep. 191:3. Thus, there are numerous disputed issues of material fact concerning the circumstances of Sosa's leave request, and summary judgment is inappropriate.

### C. There Are Material Disputes of Fact Regarding NYCHA's Interference

Even if NYCHA were found not to be Sosa's primary employer—a question about which there are many material disputed facts—NYCHA was still prohibited, as joint employer, from interfering with his FMLA leave or retaliating against him. See 29 U.S.C. § 2615(a) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."). This prohibition on interference extends to both primary and secondary joint employers. See, e.g., Cuellar v. Keppel Amfels, L.L.C., 731 F.3d 342, 347 (5th Cir. 2013) ("Just as a primary employer may not interfere with, or retaliate on account of, an employee's exercise of FMLA rights, neither may a secondary employer."). Moreover, when an employer fails to inform an employee of the steps needed to take to secure FMLA leave, that may constitute interference with FMLA rights. Borders v. Goodyear Dunlop, N.A., No. 17-CV-1159, 2020 WL 210056, at *6 (W.D.N.Y. Jan. 14, 2020)

The facts thus far adduced show NYCHA did interfere with Sosa's ability to request leave. When Sosa approached his NYCHA supervisor, Marotta, in March 2020 about taking "family leave," Marotta refused to even discuss the topic. See Sosa Dep. 190:17–191:5. Sosa repeatedly told NYCHA he wanted to be home to care for a child with a serious health issue and supplied medical records, see, e.g., NYCHA 883–84, yet NYCHA failed to inform him about the FMLA at all. NYCHA relies on the fact that Marotta told Sosa he could reapply for work with NYCHA at a later date and that his application would be considered. This, NYCHA contends, is proof it didn't interfere. Even if true, this "proof" does not show NYCHA upheld its obligations. The FMLA does not require employers simply to permit employees to reapply for a job—which anybody, whether a current employee or not, could do in any case—but to hold open the job of those taking leave so they may return when their leave is concluded. See 29 U.S.C. § 2614(a); 29 C.F.R. § 825.214. The undisputed facts do not show an absence of interference by NYCHA. Rather, the facts show NYCHA hindered Sosa's ability to request leave, and terminated him, evincing clear interference with his right to leave, making summary judgment inappropriate.

### D. Conclusion

For all the above reasons, NYCHA's letter fails to show that, if permitted to move for summary judgment, it is likely to carry its burden of showing that the material facts are undisputed and that it is entitled to judgment as a matter of law. In order to conserve the court's precious resources, Plaintiff asks that NYCHA not be permitted to make such a motion. Thank you for your consideration.

Respectfully yours,<br>
/s/<br>
Laura Sager, Attorney for Plaintiff<br>
Peter Rawlings, Law student intern

Cc:     All counsel (via ECF)